DENNIS, Justice.
Defendant was convicted of attempted simple burglary, a violation of La. R.S. 14:27 and 14:62, and sentenced to serve 4}4 years at hard labor. Four days later defendant was found to be a multiple offender. His original sentence was vacated and he was resentenced to serve 50 years at hard labor.
Prior to the hearing on the multiple offender bill, defendant filed a motion to quash on the grounds that the Habitual Offender Law, La.R.S. 15:529.1, is unconstitutional “because it fails to make a distinction between those crimes which require specific intent, general intent or negligence.” The trial court denied the motion to quash, and this denial is the subject of the sole assignment of error relied on in this appeal.
Defendant contends, in effect, that specific criminal intent, general criminal intent, and criminal negligence each represent a different level of consciousness associated with a different degree of culpability. He argues that the legislature should have drawn distinctions in the multiple offender statute by reserving its harshest treatment for those offenders who repeatedly commit crimes requiring specific intent, and that the enhanced penalty for other recidivists should be less severe.
The fallacy in defendant’s argument is his implicit assertion that the offender’s state of mind in committing a criminal act is the only criterion which the legislature may reasonably use in establishing the penalty for a particular crime. It is true that purposeful criminal behavior may in certain instances warrant more severe punishment than conduct resulting from general intent or negligence. For example, the death, penalty imposed for first degree murder, a crime requiring specific intent to kill or inflict great bodily harm, is much more severe than the penalty for manslaughter, which lacks the cool premeditation of murder, or negligent homicide, which does not involve intent. However, in these instances the severity of the crime is governed by the offender’s intent because the criminal consequence in each case is the same, viz., the killing of a human being.
In other cases, the legislature may reasonably choose to attach more significance to the relative extent of the harm characteristically done or threatened by the proscribed conduct. For example, the crime of negligent homicide, which does not require intentional conduct, is considered more heinous than defamation, which does, because of its more harmful consequences.
We find the legislature’s system of grading an offense on the basis of both the purposefulness of the crime and its total effect upon society to be sensible and desirable. Consequently, we do not think it unreasonable for the legislature to include within the ambit of the Habitual Offender Law crimes involving specific intent, general intent and negligence. The primary *275 purpose of statutes authorizing additional punishment of a person convicted of a second or subsequent offense is to deter the repetition of crime by first offenders and to rid communities of unreformed criminals. The important consideration is the defendant’s repetition of criminal acts and not his “level of consciousness” in performing a single criminal act.
The reasons advanced by the defendant for declaring the Habitual Offender Law unconstitutional are without merit.
Accordingly, the sentence imposed in this case is affirmed.
CALOGERO, J., concurs with reasons.